Filed 6/23/23  Schaefer v. Superior Court CA5/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JARROD VINCENT SCHAEFER, | |
| Petitioner, | E081311 |
| v. | (Super.Ct.No. FVI1502890) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John P. Vander Feer, Judge.  Petition granted.

Marc D. McBride for Petitioner.

No appearance for Respondent.

1

Jason Anderson, District Attorney, and Eric M. Ferguson, Deputy District Attorney, for Real Party in Interest.

## INTRODUCTION

Petitioner and defendant Jarrod Vincent Schaefer seeks a writ of mandate compelling the superior court to grant his motion to dismiss count 2, Vehicle Code[1] section 23153, subdivision (b), based on collateral estoppel.  After reviewing Schaefer's writ petition, we requested a response and advised the parties we may issue a peremptory writ in the first instance under *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.  The People filed a response.  They concede Schaefer is entitled to relief. Issuance of a peremptory writ in the first instance is appropriate when, as here, the parties agree relief is warranted.  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)  We therefore grant the petition and issue a peremptory writ in the first instance directing the superior court to grant Schaefer's motion to dismiss count 2.

## FACTUAL AND PROCEDURAL HISTORY

On Thanksgiving in 2015 Schaefer was involved in a traffic collision, after which he was charged with two felony counts:  driving under the influence (DUI) and causing injury (count 1, § 23153, subd. (a)); and driving with a blood-alcohol level of 0.08% or higher and causing injury (count 2, § 23153, subd. (b)).  Each count further alleged that Schaefer personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)); injured more than one victim (§ 23558); had a blood-alcohol level of 0.15% or higher

---

[1]  All further undesignated statutory references are to the Vehicle Code.

(§ 23578); and had two prior DUI convictions within 10 years of the charged offenses (§§ 23560, 23566, 23550.5, subd. (a)).

At trial, there was conflicting testimony about which car crossed the center line to cause the collision. The jury was instructed on the charged offenses and two necessarily lesser included DUI offenses that did not include an element of causing injury. (§ 23152, subds. (a) & (b).) The jury convicted Schaefer of the lesser included offense to count 1, simple DUI without injury, a misdemeanor. (§ 23152, subd. (a).) The jury was hung on count 2, and the court declared a mistrial as to that count.

Following the verdict, Schaefer filed a motion to dismiss count 2 based on collateral estoppel. Schaefer argued that in acquitting him of DUI causing injury, as charged in count 1, the jury necessarily determined he was not responsible for causing injury in the collision. As a result, the prosecution could not retry him on count 2, which included an element of causing injury. The People filed an opposition. They argued the jury's verdict on count 1 did not preclude retrial on count 2 because the elements of the two offenses were different. They argued inconsistent verdicts are generally permitted to stand and collateral estoppel did not apply. The court denied the motion, citing *Bravo-Fernandez v. United States* (2016) 580 U.S. 5 for the proposition that collateral estoppel does not apply when the jury renders inconsistent verdicts.

## DISCUSSION

Where the relevant facts are undisputed, the superior court's determination that collateral estoppel does not apply is reviewed de novo. (*Thompson v. Crestbrook Ins. Co.* (2022) 81 Cal.App.5th 115, 125.)

Collateral estoppel, also referred to as issue preclusion, "precludes relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341, incl. fn. 3.) The doctrine applies "only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.] The party asserting collateral estoppel bears the burden of establishing these requirements." (*Id*. at p. 341)

At issue here are the first, second, and third requirements—whether the issue of injury causation in counts 1 and 2 is identical, was actually litigated, and necessarily decided in the first trial. The two counts were charged under section 23153, subdivision (a) (count 1), and subdivision (b) (count 2). The injury causation requirement of the two offenses is identical. The statute provides:

"(a) It is unlawful for a person, while under the influence of any alcoholic beverage, *to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver*.

"(b) It is unlawful for a person, while having 0.08 percent or more, by weight, of alcohol in his or her blood *to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect*

4

*proximately causes bodily injury to any person other than the driver*."  (§ 23153, subds. (a) & (b), italics provided.)

The corresponding necessarily lesser included offenses from section 23152 are the same offenses, but without the requirement of causing injury. Those provisions provide:

"(a) It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle.

"(b) It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."  (§ 23152, subds. (a) & (b).)

In acquitting Schaefer of section 23153, subdivision (a), while convicting him of the lesser included section 23152, subdivision (a), the jury necessarily concluded that Shaefer drove a vehicle while under the influence of alcohol but was not responsible for causing injury in the collision.  Because the issue of injury causation was identical, actually litigated, and necessarily decided by the jury, collateral estoppel precludes retrial on that issue.

The superior court cited *Bravo-Fernandez v. United States*, *supra*, 580 U.S. at p. 8, for the proposition that collateral estoppel does not apply when the jury renders inconsistent verdicts.  However, the jury did not render inconsistent verdicts here because a hung count is not a verdict.  "As 'there is no way to decipher what a hung count represents,' . . . a jury's failure to decide 'has no place in the issue-preclusion analysis.' " (*Ibid.*)  The People appropriately concede Schaefer is entitled to relief.

5

DISPOSITION

Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its March 17, 2023 order denying Schaefer's motion to dismiss count 2, section 23153, subdivision (b), and to enter a new and different order granting the motion. The People may proceed on the necessarily lesser included offense to count 2, section 23152, subdivision (b), as it does not include an element of causing injury. This decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

The stay issued by this court on May 18, 2023, is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

6